

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD JAY PRUITT, | § | |
| Petitioner, | § § § | |
| v. | § | 2:07-CV-0094 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO GRANT
RESPONDENT QUARTERMAN'S MOTION TO DISMISS
PURSUANT TO 28 U.S.C. § 2244(d)**

Came for consideration the above-entitled motion filed by respondent on July 3, 2007. Respondent requests this Court dismiss the Petition for a Writ of Habeas Corpus filed by petitioner DONALD JAY PRUITT as time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion to dismiss should be GRANTED.

I.
PROCEDURAL HISTORY

On February 16, 1995, in the 316th Judicial District Court of Hutchinson County, Texas, petitioner was indicted for the offense of aggravated robbery with a deadly weapon. *State v. Pruitt*, No. 7575. On May 20, 1997, the state trial court deferred adjudicating guilt of the charged offense, and placed petitioner on community supervision for a period of seven (7) years.

On August 13, 2001, the state trial court revoked petitioner's community supervision, adjudicated petitioner guilty of the charged offense of aggravated robbery, and assessed petitioner's punishment at fifty-five (55) years imprisonment in the Texas Department of Criminal Justice, Institutional Division. On September 5, 2001, petitioner filed a motion for new trial which was deemed denied on November 20, 2001. *See* Tex. R. App. Proc. 21.8(c). Petitioner did not file a notice of appeal initiating an appeal of his conviction and sentence.

On January 29, 2003, petitioner filed a state application for a writ of habeas corpus. In his application, petitioner explained he had attempted to appeal his state trial court conviction by writing the trial judge a letter requesting an attorney for appeal, but that such request had been denied. As his ground for relief, petitioner alleged he was denied effective assistance of counsel because trial counsel failed to properly withdraw from his case so as to allow an appeal to proceed, and failed to inform petitioner of the proper procedures for obtaining an appeal. Petitioner requested an out-of-time appeal based on the ineffective assistance of trial counsel. On March 4, 2003, the trial court entered findings of fact and conclusions of law determining appointed trial counsel remained counsel for petitioner during the period of time to perfect any appeal, and that petitioner had a right to appeal the punishment phase of his adjudication. The trial court did not make a finding as to whether petitioner's trial counsel was ineffective, or whether petitioner properly preserved any error for appellate review. The trial court recommended, however, that the Texas Court of Criminal Appeals direct the State Court of Appeals, Amarillo, Texas, to allow petitioner to file an out-of-time appeal limited to the punishment phase of petitioner's adjudication.

On April 30, 2003, the Texas Court of Criminal Appeals, finding the trial court's factual findings were not sufficient to resolve the issue presented by petitioner's state habeas application, remanded the case to the trial court for further findings. On October 9, 2003, the trial court entered supplemental findings and conclusions, determining petitioner's appointed trial counsel did not withdraw from petitioner's representation, and the trial court did not appoint any other lawyer to represent petitioner on appeal. The trial court found petitioner did not retain any other counsel for his appeal and, therefore, petitioner's appointed trial counsel was petitioner's attorney until his appeals were exhausted. The trial court further found petitioner manifested his desire to appeal to both his trial counsel and the trial court within the time prescribed by law, but that no direct appeal was taken. The state trial court found petitioner's trial counsel was ineffective for failing to appeal petitioner's case and found such prejudiced petitioner. The state agreed to these findings of fact and conclusions of law. The trial court recommended that the Texas Court of Criminal Appeals direct the Seventh Court of Appeals of Texas to allow petitioner to file an out-of-time appeal. Vol. I, at 75-76.

On May 5, 2004, the Texas Court of Criminal Appeals granted petitioner's state habeas application. *Ex parte Pruitt*, No. 74,944. The Court held:

> Applicant contends, *inter alia*, that he was denied his right to appeal. The trial court entered findings of fact and conclusions of law recommending that Applicant be granted an out-of-time appeal due to ineffective assistance of counsel. We agree. Tex. Code Crim. Proc. art. 26.04(j)(2), requires appointed counsel to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel." The duty to perfect an appeal attaches whether counsel is appointed or retained. See *Ex parte Axel*, 757 S.W. 2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for new trial or give timely notice of appeal, unless

> relieved by the trial court or replaced by other counsel.
>
> Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his conviction in cause number 7575-A from the 316th District Court of Hutchinson County. The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued.

Petitioner filed his notice of appeal on May 13, 2004. On June 1, 2004, the Texas Court of Criminal Appeals issued a mandate reflecting its granting of petitioner's habeas application and an out-of-time appeal.

On July 22, 2004, the Seventh District Court of Appeals abated petitioner's appeal and remanded the case to the state trial court for findings of fact and conclusions of law on the issue of whether petitioner could waive his right to counsel on appeal. On September 2, 2004, the trial court entered its findings and conclusions, finding that petitioner was competent to waive his right to counsel and had done so knowingly and intelligently. Supp. Clerk's Record, Vol. I, at 15-16. On October 22, 2004, the case was reinstated and, on November 30, 2005, the state appellate court affirmed petitioner's conviction and sentence. On April 12, 2006, the Texas Court of Criminal Appeals refused petitioner's PDR. *Pruitt v. State*, PDR No. 1974-05.

On October 2, 2006, petitioner filed a state application for a writ of habeas corpus challenging the constitutionality of his conviction and sentence on the grounds that he was denied effective assistance of counsel and his plea of guilty was involuntary, and asserting the denial of due process in the execution of his sentence. *Ex parte Pruitt*, No. 55,243-02. On

December 13, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.

On May 16, 2007, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus.[1] On July 3, 2007, respondent filed a motion to dismiss petitioner's federal habeas application with prejudice pursuant to 28 U.S.C. § 2244(d). On August 3, 2007, petitioner filed a response in opposition to respondent's motion.

## II.
## PETITIONER'S CLAIMS

Petitioner claims his conviction and sentence are in violation of the United States Constitution because:

1. Petitioner was denied effective assistance of counsel because trial counsel:

   a. failed to convey to petitioner the State's 10-year-sentence plea offer;
   b. failed to raise meritorious issues in a motion for new trial; and
   c. had a conflict of interest.

2. Petitioner was denied due process of law because counsel appointed to represent petitioner was the same counsel who had filed the motion to proceed with adjudication of guilt on behalf of the State; and

3. Petitioner is being denied due process because his parole eligibility date is being wrongfully calculated as though petitioner has an affirmative finding of the use of a deadly weapon.

## III.
## RESPONDENT'S MOTION TO DISMISS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period in which to file an application for a federal writ of habeas corpus by a person in custody pursuant to a state court

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

judgment. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By his motion, respondent argues petitioner's federal habeas application is barred by the statute of limitations. Respondent contends the date on which petitioner's judgment became final triggered the beginning of the limitations period in this case. *See* 28 U.S.C. (d)(1)(A). Respondent maintains petitioner's conviction became final September 13, 2001, thirty days after the August 13, 2001 entry of judgment. *See* Tex. R. App. Proc. 26.2. Citing *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), respondent contends the Texas Court of Criminal Appeals' granting petitioner an out-of-time appeal on May 5, 2004 did not affect the September 13, 2001 final date of petitioner's conviction. Respondent thus argues petitioner had until September 13, 2002 in which to file either an application for a state writ of habeas corpus, thus tolling the federal

limitations period, or to file his federal petition. Respondent contends petitioner did neither, instead waiting 502 days after his conviction became final before filing his first state writ application. Since petitioner did not file his first state habeas application (which resulted in permission to file the out-of-time appeal) until January 29, 2003, over four (4) months after the expiration of the September 13, 2002 deadline, respondent maintains such application did not toll the limitations period. Respondent also maintains petitioner is not entitled to equitable tolling because he did not pursue his federal remedies diligently and no extraordinary circumstances prevented petitioner from diligently pursuing his federal remedies. Respondent concludes petitioner's federal habeas application, filed May 16, 2007, is 4 ½ years too late and should be dismissed as time-barred.

Although respondent's initial position that the judgment was final on September 13, 2001 is incorrect, the conviction did become final in November 2001. Petitioner timely filed a motion for new trial after his conviction, therefore, his appeal was not due until November 12, 2001 (ninety days after sentence was imposed). Tex. R. App. Proc. 26.2(a)(2). Unless *Salinas* is distinguishable, respondent's argument that the limitation period for challenging the state trial court's judgment, by way of federal habeas corpus, expired one year after the judgment became final (here, on November 12, 2002) is correct, and petitioner's federal habeas application is time-barred.

*Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004) involved a petitioner whose conviction was affirmed by the intermediate state appellate court on direct appeal. Petitioner's counsel, however, failed to seek discretionary review in the Texas Court of Criminal Appeals. When the petitioner discovered this failure, with only eighteen days remaining in the federal limitations

period, the petitioner filed an application for state habeas relief seeking the right to file an out of time PDR. His habeas application was initially denied but, on reconsideration, petitioner was granted the right to file an "out-of-time" PDR. Thus, under Texas law, the petitioner was "restored to the position of a recently convicted felon" and "considered to be in the midst of the direct review process." *Salinas,* 354 F.3d at 428. The petitioner then argued in his federal case that the direct appeal process should have been considered to have restarted and the one-year limitation period for filing a federal habeas petition should be deemed not to have begun until conclusion of the out-of-time direct appeal process.

The Fifth Circuit disagreed and found the petitioner's federal habeas petition time-barred. The Fifth Circuit held the federal limitation period began to run when the intermediate court of appeals opinion affirming the petitioner's conviction became final, not when the denial of petitioner's out-of-time PDR became final. In so holding, the court noted the "AEDPA provides for only a linear limitation period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between." The court further stated that "nothing in the AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review." *Salinas,* 354 F.3d at 429-430.

Critical to the *Salinas* holding, was whether, under state law, the mechanism by which an out-of-time PDR is obtained is part of the direct review or collateral review process. "If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment.... If, on the other hand, an out-of-time PDR is awarded only as a result of the collateral review process, limitations is

tolled merely while the petitioner seeks to obtain that relief." *Salinas,* 354 F.3d at 428.

After reviewing Texas law, the Fifth Circuit concluded the mechanism for obtaining an out-of-time PDR was by the state collateral review process. Therefore, when the right to file an out-of-time PDR was granted, that relief merely tolled the statute of limitations until the date on which the out-of-time PDR was denied, but did not restart the running of the limitations period altogether. This holding was based upon the fact that under Texas law, the only way to obtain the right to file an out-of-time PDR was by state habeas petition. Indeed, the court noted that was how Salinas had obtained his out-of-time PDR. This conclusion was buttressed by the fact that the Texas rules of appellate procedure make no provision for the issuance of an out-of-time PDR. A petitioner has no right to seek an out-of-time PDR directly from the appellate court, but must, rather, request that relief through collateral proceedings. Thus, because Salinas' right to file the out-of-time PDR was "necessarily the product of state habeas review," the court concluded it does not constitute direct review for federal habeas limitations purposes. *Salinas*, 354 F.3d at 429.

But for *Salinas*, the undersigned would be inclined to find petitioner's state court conviction not final until after his out-of-time appeal was decided and the Court of Appeals had issued its mandate. Under Texas law, once the out-of-time appeal was instituted, petitioner's conviction was no longer final until the conclusion of direct appeal and the issuance of the mandate. *Salinas*, however, does control, and is binding on this Court. *Salinas* instructs that if the relief petitioner obtained enabling him to file an out-of-time PDR or an out-of-time appeal was as a result of state collateral habeas proceedings, rather than as a result of direct appeal, then

any limitations period which had already expired would not be restarted. In addition, *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004), holds it is the AEDPA, not state law, which determines when a judgment is final for federal habeas purposes. The *Foreman* court recognized *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003), holding that a judgment became final for AEDPA purposes when the time ran out to file a PDR, not the later date when the appeals court issued its mandate. The *Foreman* court recognized that under Texas law the judgment was not final until the court issued its mandate, but concluded that Texas rules did not control AEDPA review, and recognized that petitioner's conviction became final for AEDPA purposes before his conviction was final under state law.

A similar situation is presented here. Pruitt's conviction became final for AEDPA purposes on or about November 12, 2002. Since he was granted an out-of-time direct appeal, his conviction did not become final under state law until the Texas Court of Appeals issued its mandate on June 28, 2006, following the denial of the petition for discretionary review by the Texas Court of Criminal Appeals. However, any argument that petitioner's conviction should not be considered final until 2006 after the out-of-time direct appeal was heard and the PDR was refused, is foreclosed by *Salinas*. Per *Salinas*, the granting of the out-of-time appeal is part of the state habeas review process, as opposed to direct review, and petitioner's conviction became final, for federal habeas corpus review, *i.e.*, AEDPA purposes, when the initial opportunity to file an appeal expired (November 12, 2001). The state court's grant of an out-of-time appeal did not "restart the running of AEDPA's limitations period altogether." Nor did the pendency of

petitioner's state habeas proceedings toll the deadline as they were initiated subsequent to the expiration of the deadline.

Lastly, petitioner has not shown such extraordinary circumstances such as to warrant the application of equitable tolling. Equitable tolling applies principally where the petitioner is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Nothing in the record suggests petitioner was "actively misled" by anyone concerning the filing of his federal habeas application, nor does the record indicate he was prevented in any way from timely asserting his federal habeas corpus rights. Petitioner did not begin state habeas proceedings until approximately 500 days after his conviction became final. Further, petitioner did not seek federal habeas review until 2007, approximately six years after his conviction became final and approximately five months after his state habeas petition was denied. As petitioner has not shown any other tolling provisions save his federal habeas application, it should be dismissed as time-barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent NATHANIEL QUARTERMAN be GRANTED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

        IT IS SO RECOMMENDED.

        ENTERED this <u>29th</u> day of February 2008.

        _____
        CLINTON E. AVERITTE
        UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

        Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

        Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).